**HILBERG, Plaintiff, v. DECKEBACH (DEKEBACH) et, Defendants.**

Common Pleas Court, Franklin County.

No. 179890.   Decided March 31, 1951.

Dargusch, Caren, Greek & King, John M. Caren, Joseph O'Meara, Jr., David A. Johnston, Jr., Columbus, for plaintiff. David M. Postlewaite, Columbus, for defendant.

### OPINION

By RUTHERFORD, J.

This is an action seeking a declaratory judgment.

A trust agreement was entered into by Amalia A. Deckebach on May 7, 1930.  On this date her family consisted of Henry

E. Deckebach, her husband, Nicholas E. Deckebach, her son, Margaret D. Hilberg, her daughter. Nicholas E. Deckebach, age 29 years, was married but had no living children. Margaret D. Hilberg was married and had three living children, Henry S. Hilberg, John Hilberg and Margaret Anna Jean Heekin. Henry E. Deckebach, her husband, died on March 13, 1934. Nicholas E. Deckebach, her son, died without issue on October 21, 1949. The trust agreement is in evidence and it is from the terms of this agreement that the Court has determined the intent of the settlor. The trust corpus consisted of one hundred thousand dollars, ($100,000.00) invested in municipal and school bonds, subject to the right of re-investment by the trustee in accordance with the provisions of the trust agreement.

As to the disposition of the corpus of this trust fund, the agreement provides as follows:

### ARTICLE I.

(c) All of the trusts created or arising hereunder shall cease and determine upon the expiration of the period of ten years next following the death of the survivor of the said Henry E. Deckebach, Nicholas E. Deckebach and Margaret D. Hilberg—said ten year period to commence with the death of the last one of said three named persons to die—and upon the expiration of said ten year period, the trustee shall transfer, assign and convey the entire Trust Fund then in its hands to the heirs of the body of the said Nicholas E. Deckebach and Margaret D. Hilberg in equal shares, per stirpes and not per capita, to be his, hers or theirs absolutely and in fee simple.

From this provision it is clear and the Court finds that Amalia A. Deckebach intended the corpus of the trust to be distributed to the heirs of the body of Nichols E. Deckebach and Margaret D. Hilberg as a class, each to take per stirpes; by the use of the words "his, hers or theirs" she has recognized that the class might consist of one, two or more. She has chosen to designate them as a class and not to name them, recognizing the uncertainties of life and the fact that the determination of which persons will qualify as members of the class cannot be made until ten years after the death of the last survivor of the three persons named. Henry E. Deckebach and Nicholas E. Deckebach being since deceased and Nicholas E. Deckebach having left no heirs of the body, it is now known that the only heirs of the body of Nicholas E. Deckebach and Margaret D. Hilberg will be those of Margaret D. Hilberg. Such heirs of her body when determined will take per stirpes, her children taking equal shares, but grandchildren if their parent be deceased, to take only such share as the parent would take if living, etc.

This class is definite in that it can easily be determined as provided for by the trust agreement at the time fixed therein for determination, which is ten years after the death of Margaret D. Hilberg who is now the last survivor of the three persons named.

The more difficult question arises as to the disposition of the income of the trust which under the terms of the trust instrument is treated separate from the corpus. While it is apparent that the donor intended to preserve the corpus for distribution to a class ten years after the death of the last survivor of the three named persons, it further appears that she did not intend to accumulate the income to increment the corpus.

In regard to the income of the trust the donor first provided that the Trustee:

### ARTICLE I.

(a) Pay the entire net income of said trust fund to Henry E. Deckebach, her husband, for and during the term of his natural life—

This provision was carried out until Henry E. Deckebach died on March 13, 1934.

In regard to subsequent payment of income, the donor provided in Article II of the trust agreement as follows:

"The Trustee at all times shall bear in mind and be guided by the fact that the object of this trust is to provide further funds for the care, benefit and maintenance of the grantor's two children and their heirs of the body following the death of the said Henry E. Deckebach as herein set forth and provided."

From this stated objective, it appears that the donor was looking to the care, benefit and maintenance of her two children and the heirs of their body as a class qualified however by the manner thereinbefore set forth and provided, which provisions are:

### ARTICLE I.

(b) Following the death of the said Henry E. Deckebach, the Trustee shall pay the entire net income of the said trust fund in equal portions to Nicholas E. Deckebach and Margaret E. Hilberg, son and daughter of the grantor, so long as they shall live respectively.

Following the death of either the said Nicholas E. Deckebach or the said Margaret D. Hilberg, the share of net income of such deceased one shall be paid to his or her heirs of the body for their care, support, maintenance and education until the termination of the trusts as hereinafter provided."

Nicholas E. Deckebach was entitled to one-half of the in-

come from March 13, 1934 to the date of his death on October 21, 1949 from which date this income under the provisions of Article I (b), would become payable to the heirs of the body, had he been survived by heirs of his body, which he was not.

If Article I Section (b) was the sole provision in the said trust instrument governing distribution of this share of the income, the trust insofar as this portion of the income is concerned, would fail for want of a cestui qui trust, or this portion of the income would have to accumulate as an increment to the corpus. However, the specific provision as to the object of the trust as contained in Article II, together with the provisions of Article 7, which declare that the Trust Agreement shall at all times be irrevocable, make either of these assumptions seem contrary to the objective of the donor.

It is the Court's finding that while a trust cannot be implied from any of the provisions of Article I Section (b) the instrument itself under the provisions of Article II disposes of the share of the income which until October 21, 1949 was paid to Nicholas E. Dekebach.

Under the objective provisions of Article II (hereinbefore quoted) the Court finds it to be the intent of the donor that since October 21, 1949, the share of income which before that date was paid to Nicholas E. Dekebach, should now be paid to Margaret D. Hilberg during her lifetime and thereafter to the heirs of her body per stirpes until the date of the distribution of the corpus. The objective clause makes the income payable to "the grantor's two children and the heirs of their body following the death of the said Henry E. Dekebach as hereinbefore set forth and provided."

From this provision itself it can be determined that she was looking as her objective to provide further income for the care, benefit, maintenance and support of her two children and the heirs of their body as a class, that being her guiding purpose, the only qualification being as to the order of time at which they would take as hereinbefore set forth and that they take per stirpes, by which provisions so long as Nicholas E. Dekebach or Margaret D. Hilberg should live, he or she would receive precedence over his or her children, and that upon the death of either, his or her children, if any, as members of the class, take his or her share, or in other words, that distribution to members of the class be made per stirpes.

The survivors of the class at this date consist of Margaret D. Hilberg and her children, with the expressed intent of the donor being that Margaret D. Hilberg, so long as she shall live receive precedence over her children.

Therefore it is the Court's finding that because of the

objective clause contained in Article II, the trust does not fail as to any part of the income, but that the entire income from October 21, 1949, shall, as long as she shall live, be payable to Margaret D. Hilberg, and that after her death the entire income for the ten year period and termination of the trust shall become payable to the then living heirs of the body of Margaret D. Hilberg per stirpes. They will constitute the survivors of the class, being the heirs of the body of the grantor's two children as referred to in Article II. -

Accordingly, a journal entry may be submitted providing that the trustee pay the entire net income of the trust to Margaret D. Hilberg for the period commencing with October 21, 1949 and continuing as long as she shall live, and that thereafter for a period of ten years pending termination of the trust, the trustee pay the entire net income of the trust to the heirs of the body of Nicholas E. Dekebach and Margaret D. Hilberg, which class it is now determined can only consist of the then living heirs of the body of Margaret D. Hilberg, Nicholas E. Dekebach having died leaving no heirs of his body. Payment is to be made per stirpes in the event that any of the children of Margaret D. Hilberg die leaving grandchildren.

That ten years after the death of Margaret D. Hilberg the corpus of the trust estate shall be distributed to the heirs of the body of Nicholas E. Dekebach and Margaret D. Hilberg, which class it is now determined will consist of the then living heirs of the body of Margaret D. Hilberg, Nicholas E. Dekebach having died leaving no heirs of the body. Distribution shall be made to said heirs of the body of Margaret D. Hilberg per stirpes and not per capita.

Costs in this case are to be paid by the Trustee out of the income from the trust fund.